IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS JAMES,                              No. 2:12-CV-1031-CMK-P

      Plaintiff,

  vs.                                             ORDER

NEVADA COUNTY, et al.,

      Defendants.

                              /

          Plaintiff, a prisoner proceeding pro se, has filed a complaint under 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1).

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

On June 28, 2012, the court directed plaintiff to show cause in writing within 30 days why this action should not be dismissed for failure to state a cognizable claim. The court outlined plaintiff's allegations as follows:

> Plaintiff names the following as defendants: Nevada County; the Nevada County Sheriff's Office; Deputy Sheriff Robert Jakobs; Nevada County Superior Court; the Honorable Sean Dowling; and the Honorable Candace Heidelberger. Plaintiff's claims all relate to events leading to his criminal conviction. In particular, plaintiff alleges that his due process and equal protection rights were violated by Jakobs "through racial profiling and discrimination, a suggestive identification process, and lack of objectivity or individualized investigation." He also claims that he was subjected to unreasonable searches and seizures. Plaintiff seeks an order vacating the criminal judgment, granting a new trial, suppressing evidence, and compelling discovery in a new criminal trial. Plaintiff also seeks monetary damages.

The court then stated:

> When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the

1    overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

    In this case, success on plaintiff's claims would necessarily invalidate the underlying criminal conviction. Therefore, plaintiff cannot pursue his claims in a § 1983 civil rights action.

Plaintiff was warned that failure to file a response could result in dismissal of the action, both for the reasons outlined in the order to show cause as well as for failure to prosecute and comply with court orders. To date, plaintiff has not filed a response.

    Accordingly, IT IS HEREBY ORDERED that:

    1.    This action is dismissed; and

    2.    The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 8, 2012

                                                                                
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE