IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS JAMES,                                            No. 2:12-CV-1031-CMK-P

       Plaintiff,

   vs.                                                          ORDER

NEVADA COUNTY, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, has filed a complaint under 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Final judgment was entered on August 9, 2012. Pending before the court are plaintiff's motions for reconsideration (Doc. 11) and for rehearing (Doc. 12).

       The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later

than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

///

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1    In this case, the court does not find that reconsideration of the August 9, 2012,
2 final judgment of dismissal is warranted.  Initially, the court notes that plaintiff was directed on
3 June 28, 2012, to show cause why this action should not be dismissed for failure to state a claim.
4 Plaintiff was cautioned that failure to respond within 30 days could result in dismissal of the
5 action, both for the reasons outlined in the order to show cause but also for lack of prosecution
6 and failure to comply with court rules and orders.  See Local Rule 110.  As of August 9, 2012,
7 plaintiff had not complied.  Thus, plaintiff's failure to respond to the June 28, 2012, order, which
8 he does not address in the currently motions, is a sufficient independent reason to dismiss this
9 action.

10    Turning to plaintiff's motions, he fails to address the legal issue set forth in the
11 June 28, 2012, order to show cause as the substantive reason to dismiss this action.  In particular,
12 the court noted that the allegations in plaintiff's civil rights action, if true, would necessarily
13 imply the invalidity of an underlying state court criminal conviction.  Plaintiff was advised that,
14 in such cases, this court lacks jurisdiction under 42 U.S.C. § 1983 to entertain claims of civil
15 rights violations relating to the underlying trial.  Rather, plaintiff's remedies lie by way of state
16 post-conviction relief and, if appropriate, federal habeas corpus relief.  Reading the pending
17 motions, it is clear that plaintiff is under the mistaken impression that this civil rights action is
18 the only way to challenge the state court conviction and that, by dismissing this action, he is
19 being shut out of court on his trial issues.  Not so.  As explained in the June 28, 2012, order to
20 show cause, plaintiff's remedies lie elsewhere.  If plaintiff is successful elsewhere in overturning
21 the state court criminal conviction, then and only then would this court be able to entertain
22 plaintiff's claims for money damages relating to alleged constitutional violations.
23 / / /
24 / / /
25 / / /
26 / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 11) is denied;

2. Plaintiff's motion for rehearing (Doc. 12) is denied; and

3. This action remains closed.

DATED: August 31, 2012

　　　　　　　　　　　　　　　　 /s/ Craig M. Kellison　　　　　　　　　　
　　　　　　　　　　　　　　　　 **CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE